# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

DANIEL O. CURRIE,

        Plaintiff, pro se,

  v.

ARCHIVIST OF THE UNITED STATES,
in his or her official capacity; and
NATIONAL ARCHIVES AND
RECORDS ADMINISTRATION,

        Defendants.

Civil Action No. _____

**COMPLAINT FOR DECLARATORY
AND INJUNCTIVE RELIEF**

## I. INTRODUCTION

1. This action concerns the constitutional and statutory limits on the government's authority to maintain an official historical position presented as authoritative and final by the Executive Branch regarding the assassination of President John F. Kennedy, absent completion of the statutory process Congress required to legitimate that posture.

2. In a constitutional democracy, authoritative closure is not earned by proclamation alone. It derives legitimacy from lawful process sufficient to allow citizens to understand how conclusions were reached and to assess their fairness for themselves.

3. The assassination of President John F. Kennedy occupies a singular place in American civic memory not only because of the violence of the act, but because of what followed:

1

an official declaration of finality accompanied by decades of restricted access to the evidentiary record.

4.  Congress acknowledged the resulting legitimacy deficit when it enacted the John F. Kennedy Assassination Records Collection Act of 1992 ("JFK Records Act"), expressly finding that prior investigations and disclosure regimes had failed to satisfy the public interest and that transparency was essential to restoring public confidence.

5.  More than thirty years later, the remedial process Congress prescribed remains unfinished. Agencies continue to withhold or postpone disclosure of assassination-related records, and the Archivist of the United States has never certified completion of the collection as the Act requires.

6.  Nevertheless, the Executive Branch continues to maintain an official posture of authoritative closure regarding the assassination, presenting the matter as conclusively resolved despite the acknowledged incompleteness of the legitimating process.

7.  This case is not solely about the nondisclosure of historical records. It is also about the effect of delay on accountability.

8.  Congress recognized that secrecy prolonged beyond necessity does not merely withhold information, but actively erodes the conditions under which statutory compliance itself can restore public accountability.

## II.  JURISDICTION AND VENUE

9.  This Court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action arises under the Constitution and laws of the United States, including the Fifth Amendment to the United States Constitution, the Administrative Procedure Act, 5 U.S.C. §§ 701–706, and the John F. Kennedy Assassination Records Collection Act of 1992, Pub. L. No. 102-526, 106 Stat. 3443 (1992) (codified at 44 U.S.C. § 2107 note).

10.  This Court has authority to grant declaratory and injunctive relief pursuant to 28 U.S.C. §§ 2201–2202 and to compel agency action unlawfully withheld or unreasonably delayed under the Administrative Procedure Act, 5 U.S.C. § 706(1).

11.  Venue is proper in this District pursuant to 28 U.S.C. § 1391(e)(1) because Plaintiff resides in this District and Defendants are officers and an agency of the United States acting in their official capacities. Records and official actions at issue in this case are maintained by Defendants in the course of their nationwide statutory responsibilities and have effects within this District.

## III.  PARTIES AND STANDING

12.  Plaintiff Daniel O. Currie is a citizen of the United States and a resident of Massachusetts. He is a retired journalist and independent historian who has long relied on statutory transparency regimes and the integrity, completeness, and lawful certification of public records maintained by governmental institutions for civic engagement and historical understanding.

13. Congress enacted the JFK Records Act precisely because it recognized that incomplete disclosure and unresolved certification distort the official historical record upon which journalists, historians, public officials, and the public reasonably rely in forming judgments essential to democratic accountability.

14. Plaintiff's injury arises from Defendants' ongoing failure to complete and certify the assassination records collection as required by the JFK Records Act. Where Congress creates enforceable disclosure obligations and a disclosure process designed to make information available to the public, including Plaintiff, denial of that right constitutes a concrete injury sufficient to confer standing. The injury alleged does not arise from disagreement with any historical conclusion, but from the legal and practical consequences of asserting authoritative finality while the disclosure-and-certification process Congress mandated remains incomplete. See FEC v. Akins, 524 U.S. 11, 21–25 (1998); Public Citizen v. U.S. Dep't of Justice, 491 U.S. 440, 449–50 (1989).

15. Defendants' continued maintenance of an authoritative posture of closure presented as final and settled while the statutorily mandated disclosure and certification process remains incomplete imposes a concrete and particularized injury on Plaintiff by forcing reliance on an officially unresolved record and impairing his ability to evaluate, communicate, and responsibly rely upon governmental representations in his ongoing civic, historical, and public-records engagement. This authoritative posture is reflected in official public-facing materials disseminated across federal agencies with investigative, archival, and historical responsibilities—including law-enforcement, intelligence, and

records-custodial agencies—that present the assassination as conclusively resolved, without qualification or acknowledgment that the disclosure and certification process mandated by Congress remains incomplete.

16. Plaintiff has, over a period of decades, repeatedly invoked and enforced public records and open meeting laws through administrative appeals and pro se proceedings at the municipal, state, and federal levels. This sustained engagement reflects ongoing reliance on statutory transparency regimes that Congress has determined are essential to democratic accountability, rather than a single, isolated grievance.

17. Defendants are the Archivist of the United States, sued in his or her official capacity, and the National Archives and Records Administration (NARA), the federal officer and agency, respectively, charged by statute with the identification, custody, disclosure, and certification of records governed by the John F. Kennedy Assassination Records Collection Act of 1992.

## IV. STATEMENT OF FACTS

18. On November 22, 1963, President John F. Kennedy was assassinated in Dallas, Texas. Lee Harvey Oswald was arrested later that day and was killed two days later while in police custody, before any criminal proceedings could occur.

19. In 1964, the Warren Commission concluded that Oswald acted alone in assassinating the President. Although subsequent investigations examined aspects of that conclusion, the

federal government has consistently maintained that responsibility for the assassination was conclusively resolved.

20. Over time, concerns persisted regarding the completeness and transparency of the investigative record.

21. In response to those concerns, Congress enacted the JFK Records Act in 1992, expressly finding that prior investigations and disclosure practices had failed to satisfy the public interest.

22. The Act imposed mandatory duties on federal agencies to identify, transmit, and disclose assassination-related records, and corresponding duties on the Archivist of the United States to oversee compliance and certify completion of the collection. The Act's disclosure requirements are not self-executing; Congress expressly contemplated certification by the Archivist as the formal mechanism by which compliance would be recognized and institutional finality could lawfully attach.

23. Despite the passage of decades, those statutory duties have not been completed. Agencies continue to postpone, redact, or withhold records, and the Archivist has not certified to the President and the Congress that all assassination records have been made available to the public in accordance with the JFK Records Act.

24. Recent executive actions, including directives ordering further review and disclosure of assassination-related records, confirm rather than cure the ongoing incompleteness of the

statutory process. Executive orders cannot substitute for completion of the remedial process Congress prescribed.

## V. LEGAL FRAMEWORK AND CONSTITUTIONAL CONTEXT

25. **Constitutional Principle:** The Due Process Clause of the Fifth Amendment underscores, in this statutory context, not only adjudicative deprivations of liberty or property, but also the government's assertion of institutional legitimacy where Congress has prescribed mandatory procedures as a condition for finality. When Congress determines that transparency, disclosure, and certification are necessary to legitimate an official historical conclusion, those procedural requirements underscore constitutional limits on executive assertions of closure.

26. **Defined Constitutional Limit:** Where Congress has enacted a statutory framework requiring disclosure and certification as prerequisites to institutional finality—as it did through the JFK Records Act—the Executive may not lawfully maintain an authoritative posture of closure while that mandated process remains incomplete. To do so substitutes proclamation for process and exceeds the constitutional boundary between executive discretion and legislative command. These constitutional principles are invoked to inform the Court's construction of the JFK Records Act and the scope of relief available under the Administrative Procedure Act, not as a standalone claim for constitutional damages or individualized stigma.

27. **Actual Controversy and Redressability:** Plaintiff's injury does not arise from disagreement with historical conclusions, but from the government's ongoing

maintenance of institutional closure absent completion of the disclosure and certification

process Congress required to legitimate that closure. This injury is concrete, ongoing, and

redressable through declaratory and injunctive relief requiring compliance with the

statutory framework enacted by Congress. [1]

28. **Delay as Independent Injury and Defeat of Statutory Purpose:**  The prolonged delay

in completing the disclosure and certification process mandated by the JFK Records Act

constitutes an independent and ongoing injury. Congress enacted the Act not merely to

require disclosure in the abstract, but to restore public accountability through timely

completion of a remedial process designed to legitimate official historical closure. Delay

that extends for decades beyond the statute's contemplated operation defeats that

remedial purpose and renders compliance increasingly incapable of restoring the public

confidence Congress sought to achieve. Such delay therefore constitutes unlawful agency

inaction cognizable under the Administrative Procedure Act, independent of any ultimate

disclosure determination.

---

[1] Courts have long recognized that transparency and public-records statutes depend upon citizen

invocation and enforcement to function as intended, and that impairment of meaningful

participation in such statutory regimes constitutes a cognizable injury. See *Public Citizen v. U.S.

Dep't of Justice*, 491 U.S. 440, 449–50 (1989); *FEC v. Akins*, 524 U.S. 11, 21–25 (1998);

*Citizens for Responsibility & Ethics in Washington v. FEC*, 846 F.3d 1235, 1241–42 (D.C. Cir.

2017).

## VI. CLAIMS FOR RELIEF

### COUNT I — Unlawful Agency Action (Administrative Procedure Act)

29. Defendants have unlawfully withheld and unreasonably delayed agency action required by law, including the Archivist's non-discretionary duties to ensure compliance with the JFK Records Act, in violation of the Administrative Procedure Act, 5 U.S.C. § 706(1), by failing to complete the disclosure and certification duties mandated by the JFK Records Act.

30. At minimum, the John F. Kennedy Assassination Records Collection Act requires the Archivist of the United States to perform discrete, non-discretionary duties expressly assigned by Congress, including, in a publicly accessible written form: (a) issuing a formal written determination stating whether, in the Archivist's judgment, the assassination records collection has been completed and certified pursuant to the Act; (b) if the collection has not been completed and certified, identifying the specific statutory prerequisites that remain unsatisfied and providing a current accounting of the categories of assassination records that have not been made available to the public in accordance with the Act; and (c) transmitting to the President and the Congress the certification contemplated by the Act, or, if certification cannot yet be made, a written notice explaining the basis for non-certification and the steps required for completion. The relief sought is limited to compelling performance of these discrete, ministerial duties and does not require the Court to supervise classification judgments, disclosure decisions, or historical interpretation.

**COUNT II — Declaratory Relief**

31. An actual controversy exists within the meaning of 28 U.S.C. § 2201 regarding whether Defendants may lawfully maintain an official posture of authoritative closure while the remedial process Congress prescribed remains incomplete. This controversy does not depend upon adjudication of the completeness of any particular record or category of records, but upon whether authoritative closure may lawfully be maintained absent completion of the certification process Congress required.

32. The statutory duties enforceable under the Administrative Procedure Act must be construed in light of the constitutional principles that gave rise to the JFK Records Act and that define the limits of authoritative governmental closure.

33. As described above, Plaintiff invokes constitutional principles not as a standalone basis for relief, but to inform the Court's construction of Defendants' statutory duties and to clarify the lawfulness of maintaining an authoritative posture of closure absent completion of the congressionally mandated disclosure-and-certification process. Plaintiff seeks declaratory relief solely to define the legal consequences of Defendants' failure to complete that process as required by the John F. Kennedy Assassination Records Collection Act, not to adjudicate historical facts, assign culpability, or vindicate the reputation of any individual.

34. In his concurrence in *Joint Anti-Fascist Refugee Committee v. McGrath*, 341 U.S. 123, 168–72 (1951), Justice Robert H. Jackson addressed the constitutional limits of executive

authority exercised through conclusory official determinations. He emphasized that governmental authority in a constitutional system cannot rest on executive assertion alone, but must derive its legitimacy from procedures sufficient to test, evaluate, and justify the factual basis of official judgments.

35. Applying that principle here, consistent with Justice Jackson's concurrence in *McGrath*, Plaintiff invokes that decision not to litigate historical guilt or to vindicate the personal rights or reputation of any individual, living or deceased, but to challenge the Government's continued maintenance of an official historical position asserted by the Executive Branch while the procedures Congress prescribed to legitimate such authority remain incomplete. As Justice Jackson emphasized, constitutional due process is not satisfied by executive assertion alone; where the Government confers authoritative judgment without completing the procedures required by law, "the right to be heard before being condemned to suffer grievous loss of any kind, even though it may not involve the stigma and hardships of a criminal conviction, is a principle basic to our society." *McGrath*, 341 U.S. at 161 (Jackson, J., concurring). Accordingly, Plaintiff asks the Court not to resolve historical facts, but to clarify the legal consequences of the Government's failure to complete the process Congress mandated as a condition of authoritative closure.

36. Plaintiff seeks a declaration clarifying Defendants' legal obligations under the JFK Records Act and the Constitution.

## VIII. LIMITATION OF RELIEF SOUGHT

37. Plaintiff does not ask this Court to adjudicate historical guilt, reopen a criminal investigation, or supervise classification decisions committed to the political branches.

38. Such relief should be limited to compelling performance of discrete duties required by the JFK Records Act and does not require the Court to adjudicate the historical merits of any investigative conclusion.

39. Plaintiff seeks only judicial recognition that authoritative governmental closure may not lawfully be maintained while the legitimating process Congress prescribed remains incomplete.

## VIII. PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that the Court:

**A.** Declare that Defendants are required, as a matter of law, to complete the disclosure and certification duties mandated by the John F. Kennedy Assassination Records Collection Act;

**B.** Order the Archivist of the United States, within ninety (90) days, or such other period as the Court deems appropriate, consistent with the Archivist's statutory obligations under the Act, to issue a written determination stating whether the assassination records collection has been completed and certified pursuant to the Act; and if it has not been completed and certified, to identify the specific statutory prerequisites not yet satisfied and to provide a current public

accounting of the categories of assassination records that have not been made available to the

public in accordance with the Act;

**C.** Order the Archivist to transmit to the President and the Congress the certification

contemplated by the Act, or, if certification cannot yet be made, a written notice explaining the

basis for non-certification and the steps required for completion; and

**D.** Grant such other and further relief as the Court deems just and proper.

## IX.  SIGNATURE

Respectfully submitted,

*Daniel O. Currie*

Daniel O. Currie

Plaintiff, pro se


80 West Dedham St., Apt. 1201

Boston, Massachusetts 02118

Telephone: 617-448-7115

Email: dcurrieus@yahoo.com

Date: February 3, 2026